BENJAMIN REED
Assistant Attorney General
Agency Legal Services Bureau
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440
Telephone: (406) 444-2026
Facsimile: (406) 444-4303
benreed@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CORE-MARK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MONTANA BOARD OF LIVESTOCK, in its official capacity as head of the Montana Department of Livestock; JAN FRENCH, in her official capacity as member of the Montana Board of Livestock; NINA BAUCUS, in her official capacity as member of the Montana Board of Livestock; JOHN SCULLY, in his official capacity as Vice-Chair of the Montana Board of Livestock; BRETT DEBRUYCKER, in his official capacity as member of the Montana Board of Livestock; EDWARD WALDNER, in his official capacity as member of the | Case No. 6:15-cv-00005 <br><br> **AMENDED ANSWER** |

Montana Board of Livestock; JEFFREY LEWIS, in his official capacity as member of the Montana Board of Livestock; JOHN LEHFELDT, in his official capacity as Chair of the Montana Board of Livestock; CHRISTIAN MACKAY, in his office capacity as Executive Officer of the Montana Department of Livestock; and, DAN TURCOTTE, in his official capacity as Bureau Chief of the Milk and Egg Bureau of the Montana Department of Livestock,

        Defendants.

Defendants, the Montana Board Of Livestock, Jan French, Nina Baucus, John Scully, Brett DeBruycker, Edward Waldner, Jeffrey Lewis, John Lehfeldt, Christian Mackay, and Dan Turcotte ("Defendants"), answer Core-Mark International, Inc.'s ("Plaintiff's", First Amended Complaint and Jury Demand, and admit, deny, and allege as follows. The enumerated paragraphs below correspond to the enumerated paragraphs contained in the First Amended Complaint.

## I.    JURISDICTION

1. This is a legal conclusion for which no response is required.

2. Defendants admit that Plaintiff and Defendants are citizens of different states, but deny that the amount in controversy exceeds $75,000.

3. Defendants lack sufficient knowledge to respond and therefore deny the allegations of this paragraph.

## II.  VENUE

4. Defendants admit the allegations of this paragraph.

## III.  FACTS COMMON TO ALL COUNTS

5. Defendants lack sufficient knowledge to respond and therefore deny.

6. Defendants admit the allegations of this paragraph.

7. Defendants refer to Montana law for its content and deny the allegations herein to the extent they state otherwise.

   a. Defendants admit the allegations of this paragraph.

   b. Defendants admit the allegations of this paragraph.

   c. Defendants refer to Mont. Code Ann. § 81-23-101, et seq,, A.R.M. 32.8.101, et seq., and 21 C.F.R. §101.100, et seq. for their content, and deny the allegations herein to the extent they state otherwise.

8. Defendants admit that Jan French was, but is not now, Chair of the Board, and otherwise admit as follows:

   a. Admit.

   b. Admit as to Ms. French's membership on the Board; Defendants refer to Mont. Code Ann. § 2-15-3101 for its content, and deny the allegations herein to the extent they state otherwise.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

d. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

9. Defendants admit that Nina Baucus was, but is not now, on the Board, and otherwise admit as follows:

a. Admit.

b. Admit as to Ms. Baucus' membership on the Board; Defendants refer to Mont. Code Ann. § 2-15-3101 for its content, and deny the allegations herein to the extent they state otherwise.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

d. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

10. Defendants admit that John Scully is a member of the Board, and otherwise admit as follows:

a. Admit.

b. Admit as to Mr. Scully's membership on the Board; Defendants refer to Mont. Code Ann. § 2-15-3101 for its content, and deny the allegations herein to the extent they state otherwise.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

d. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

11. Defendants admit that Brett DeBruycker is a member of the Board, and otherwise admit as follows:

a. Admit.

b. Admit as to Mr. DeBruycker's membership on the Board; Defendants refer to Mont. Code Ann. § 2-15-3101 for its content, and deny the allegations herein to the extent they state otherwise.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

d. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

12. Defendants admit that Edward Waldner is a member of the Board, and otherwise admit as follows:

a. Admit.

b. Admit as to Mr. Waldner's membership on the Board; Defendants refer to Mont. Code Ann. § 2-15-3101 for its content, and deny the allegations herein to the extent they state otherwise.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

d. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

13. Defendants admit that Jeffrey Lewis is a member of the Board, and otherwise admit as follows:

a. Admit.

b. Admit as to Mr. Lewis' membership on the Board; Defendants refer to Mont. Code Ann. § 2-15-3101 for its content, and deny the allegations herein to the extent they state otherwise.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

d. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

14. Defendants admit that John Lehfeldt is a member of the Board, and otherwise admit as follows:

a. Admit.

b. Admit as to Mr. Lehfeldt's membership on the Board; Defendants refer to Mont. Code Ann. § 2-15-3101 for its content, and deny the allegations herein to the extent they state otherwise.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

d. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

15. Defendants admit these allegations as follows:

a. Defendants admit the allegations of this paragraph.

b. Defendants admit the allegations of this paragraph.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

16. Defendants admit these allegations as follows:

a. Defendants admit the allegations of this paragraph.

b. Defendants admit the allegations of this paragraph.

c. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

17. Paragraphs 17-23 state a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

18. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

19. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

20. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

21. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

22. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

23. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

24. Defendants lack sufficient knowledge to respond and therefore deny.

25. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

26. Defendants admit that the milk at issue in the present action is grade A milk; Defendants refer to 21 C.F.R. §101.100, et seq., Mont. Code Ann. § 81-23-101, et seq., and A.R.M. 32.8.101, et seq., for their content, and deny the allegations herein to the extent they state otherwise.

27. For ¶¶ 27-30, Defendants refer to A.R.M. 32.8.202 for its content, and deny the allegations herein to the extent they state otherwise.

28. Defendants refer to A.R.M. 32.8.202 for its content, and deny the allegations herein to the extent they state otherwise.

29. Defendants refer to A.R.M. 32.8.202 for its content, and deny the allegations herein to the extent they state otherwise.

30. Defendants refer to A.R.M. 32.8.202 for its content, and deny the allegations herein to the extent they state otherwise.

31. Defendants refer to A.R.M. 32.8.206, for its content, and deny the allegations herein to the extent they state otherwise.

32. Defendants deny the allegations of this paragraph.

33. Defendants refer to Mont. Code Ann. § 81-23-405 for its content, and deny the allegations herein to the extent they state otherwise.

34. Defendants refer to Montana law for its content, and deny the allegations herein to the extent they state otherwise.

35. Defendants refer to Montana law, and to the Administrative Rules of Montana, for its content, and deny the allegations herein to the extent they state otherwise.

36. Defendants refer to Montana law, and to the Administrative Rules of Montana, for its content, and deny the allegations herein to the extent they state otherwise.

37. Defendants refer to 21 C.F.R. §101.100, et seq., for its content, and deny the allegations herein to the extent they state otherwise.

38. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

39. As to ¶¶ 39-42, Defendants lack sufficient knowledge to respond and therefore deny.

40. Defendants lack sufficient knowledge to respond and therefore deny.

41. Defendants lack sufficient knowledge to respond and therefore deny.

42. Defendants lack sufficient knowledge to respond and therefore deny.

43. Defendants admit the allegations of ¶¶ 43-46.

44. Defendants admit the allegations of this paragraph.

45. Defendants admit the allegations of this paragraph.

46. Defendants admit the allegations of this paragraph.

47. The course and character of the administrative proceedings were in accord with Montana law, and to the Administrative Rules of Montana, to which Defendants refer for its content; Defendants deny the allegations herein to the extent they state otherwise.

48. Defendants admit the allegations of ¶¶ 48 and 49.

49. Defendants admit the allegations of this paragraph.

50. Defendants deny that they ignored the hearing examiner's decision, and admit the remainder of this allegation.

51. Defendants refer to *Core-Mark Int'l, Inc. v. Mont. Bd. Of Livestock*, 2014 MT 197, 376 Mont. 25, 329 P.3d 1278, for its content, and deny the allegations herein to the extent they state otherwise.

52. Defendants admit the allegations of ¶¶ 52-54.

53. Defendants admit the allegations of this paragraph.

54. Defendants admit the allegations of this paragraph.

55. Defendants lack sufficient knowledge to respond and therefore deny.

56. Defendants admit Plaintiff withdrew its motion, but as to the motivation therefor, Defendants lack sufficient knowledge to respond and therefore deny.

57. Defendants lack sufficient knowledge to respond and therefore deny.

58. Defendants admit the allegations of this paragraph.

59. As to Plaintiff's belief, Defendants lack sufficient knowledge to respond and therefore deny the same; Defendants admit no investigation was performed. Defendants refer to the correspondence from Christian Mackay for its content, and deny the allegations herein to the extent they state otherwise.

60. Defendants admit the allegations of this paragraph.

61. As to ¶¶ 61-64, Defendants lack sufficient knowledge to respond and therefore deny.

62. Defendants lack sufficient knowledge to respond and therefore deny.

63. Defendants lack sufficient knowledge to respond and therefore deny.

64. Defendants lack sufficient knowledge to respond and therefore deny.

65. Defendants deny the allegations of ¶¶ 65-76.

66. Defendants deny the allegations of this paragraph.

67. Defendants deny the allegations of this paragraph.

68. Defendants deny the allegations of this paragraph.

69. Defendants deny the allegations of this paragraph.

70. Defendants deny the allegations of this paragraph.

71. Defendants deny the allegations of this paragraph.

72. Defendants deny the allegations of this paragraph.

73. Defendants deny the allegations of this paragraph.

74. Defendants deny the allegations of this paragraph.

75. Defendants deny the allegations of this paragraph.

76. Defendants deny the allegations of this paragraph.

## COUNT I: 42 U.S.C. § 1983
### (Commerce Clause, U.S. Const., Art. I, §8, Cl. 3)

77. Defendants re-allege its responses herein.

78. Defendants deny the allegations of ¶¶ 78-91.

79. Defendants deny the allegations of this paragraph.

80. Defendants deny the allegations of this paragraph.

81. Defendants deny the allegations of this paragraph.

82. Defendants deny the allegations of this paragraph.

83. Defendants deny the allegations of this paragraph.

84. Defendants deny the allegations of this paragraph.

85. Defendants deny the allegations of this paragraph.

86. Defendants deny the allegations of this paragraph.

87. Defendants deny the allegations of this paragraph.

88. Defendants deny the allegations of this paragraph.

89. Defendants deny the allegations of this paragraph.

90. Defendants deny the allegations of this paragraph.

91. Defendants deny the allegations of this paragraph.

92. Paragraph 92 is a characterization of the relief Plaintiff is seeking for which no response is required.

## COUNT II: 42 U.S.C. § 1983
## (Due Process Clause)

93. Defendants re-allege its responses herein.

94. Paragraph 94 is a characterization of the basis for asserting this claim for which no response is required.

95. Defendants admit the allegations of this paragraph.

96. Defendants deny the allegations of ¶¶ 96-99.

97. Defendants deny the allegations of this paragraph.

98. Defendants deny the allegations of this paragraph.

99. Defendants deny the allegations of this paragraph.

100. Paragraph 100 is a characterization of the relief Plaintiff is seeking for which no response is required.

## COUNT III: 42 U.S.C. § 1983
## (Equal Protection Clause)

101. Defendants re-allege its responses herein.

102. Defendants deny the allegations of ¶¶ 102-104.

103. Defendants deny the allegations of this paragraph.

104. Defendants deny the allegations of this paragraph.

## COUNT IV: 42 U.S.C. § 1983
## (Privileges and Immunities Clause, U.S. Const., Art. IV, §2)

105. Defendants re-allege its responses herein.

106. Defendants deny the allegations of ¶¶ 106-115.

107. Defendants deny the allegations of this paragraph.

108. Defendants deny the allegations of this paragraph.

109. Defendants deny the allegations of this paragraph.

110. Defendants deny the allegations of this paragraph.

111. Defendants deny the allegations of this paragraph.

112. Defendants deny the allegations of this paragraph.

113. Defendants deny the allegations of this paragraph.

114. Defendants deny the allegations of this paragraph.

115. Defendants deny the allegations of this paragraph.

## COUNT V: 42 U.S.C. § 1983
### (First Amendment Rights)

116. Defendants re-allege its responses herein.

117. This is a legal conclusion for which no response is required.

118. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

119. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

120. Defendants deny the allegations of ¶¶ 120-126.

121. Defendants deny the allegations of this paragraph.

122. Defendants deny the allegations of this paragraph.

123. Defendants deny the allegations of this paragraph.

124. Defendants deny the allegations of this paragraph.

125. Defendants deny the allegations of this paragraph.

126. Defendants deny the allegations of this paragraph.

127. This is a legal conclusion for which no response is required. To the extent that this paragraph contains a factual allegation, Defendants lack sufficient knowledge to respond and therefore deny.

128. Defendants deny the allegations of this paragraph.

## **GENERAL DENIAL**

Any allegation not specifically admitted, denied or qualified above, is denied. However, due to the fact that discovery has yet to be conducted in this matter, Defendants reserve the right to amend its answer based on information learned throughout the course of litigation. Defendants have set forth the following defenses in good faith. Defendants are presently uncertain which affirmative defenses will apply if this case proceeds to trial. Accordingly, Defendants raise all of the defenses set forth above in order to preserve those defenses. Discovery and trial preparation may reveal that some of the above-stated affirmative defenses are inapplicable. In that event, those defenses will be withdrawn at the appropriate time.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

It is unclear whether Plaintiff requests money damages; if so, Defendants acted at all times in their official capacities, within the course and scope of their employment, in the good faith exercise of their professional judgment and without malice or deliberate indifference to Plaintiffs' rights, and based on a reasonable interpretation of law as it existed at the time of the acts of which Plaintiff complains.

## THIRD DEFENSE

It is unclear whether Plaintiff requests money damages; if so, Defendants are entitled to absolute and qualified immunity.

## FOURTH DEFENSE

It is unclear whether Plaintiff requests money damages; if so, Plaintiff has failed to mitigate, or reasonably attempt to mitigate, its damages, if any.

## FIFTH DEFENSE

It is unclear whether Plaintiff requests money damages; if so, Defendants are entitled to quasi-legislative immunity.

## SIXTH DEFENSE

It is unclear whether Plaintiff requests money damages; if so, State Defendants did not breach any duty allegedly owed to the Plaintiffs and their actions conformed to the applicable standard of care.

## SEVENTH DEFENSE

It is unclear whether Plaintiff requests money damages; if so, suit against defendants in their official capacity is barred by the Eleventh Amendment.

## EIGHTH DEFENSE

It is unclear whether Plaintiff requests money damages; if so, Plaintiffs are not entitled to any recovery for damages or injuries that may have been sustained by Plaintiffs to the extent that they were increased or aggravated by Plaintiffs' failure to mitigate their own damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray this Court:

1. Enter judgment in favor of Defendants and against Plaintiff on all of Plaintiff's claims;

2. Order that Plaintiff takes nothing by its Complaint;

3. Dismiss the Complaint in its entirety with prejudice;

4. Award Defendants their costs and disbursements incurred in their defense; and

5. Order such other and further relief to Defendants as the Court deems just and proper.

## **JURY DEMAND**

Defendants demand trial by jury on all issues so triable.

DATED this 12th day of June, 2015.

                      AGENCY LEGAL SERVICES BUREAU
                      1712 Ninth Avenue
                      P.O. Box 201440
                      Helena, MT 59620-1440

                      COUNSEL FOR DEFENDANTS

                      By: /s/ Benjamin Reed
                           BENJAMIN REED
                           Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I hereby certify that on June 12, 2015, a copy of this Amended Answer was served on the following persons by the following means:

__1,2__ CM/ECF
_____ Hand Delivery
_____ Mail
_____ Overnight Delivery Service
_____ Fax
_____ E-Mail

1. Clerk, U.S. District Court

2. William K. VanCanagan
   Darla Keck
   Trent N. Baker
   Datsopoulos, MacDonald & Lind, P.C.
   201 West Main Street, Suite 201
   Missoula, MT 59802

By: /s/ Benjamin Reed
BENJAMIN REED
Assistant Attorney General
Agency Legal Services Bureau
Counsel for Defendants