IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
APR 0 5 2018
Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| CORE-MARK INTERNATIONAL, INC., <br><br>　　　　　　　　　Plaintiff, <br><br>vs. <br><br>The Montana Board of Livestock, in its official capacity as head of the Montana Department of Livestock, et al., <br><br>　　　　　　　　　Defendants. | No. CV 15-05-H-SEH <br><br><br>**ORDER** |

Pending before the Court is Plaintiff's Unopposed Motion for Protective Order[1] ("Motion").

ORDERED:

1. "Confidential Information" shall include documents, records, data and materials produced, or to be produced which consist of: (1) names or addresses of Plaintiff's retail customers; (2) sales reports generated by Plaintiff; (3) the amount of product ordered by or delivered to Plaintiff's customers; (4) Plaintiff's wholesale pricing information; or (5) a description of Plaintiff's

---

[1] Doc. 96.

distribution process and delivery schedules.

2. Confidential Information shall be produced by Plaintiffs as provided in this Order.

3. This Protective Order governs access to, use, and distribution of information designated "Confidential Information" by Plaintiff in the course of discovery. Nothing in this Order allows Plaintiffs to withhold information otherwise discoverable.

4. Confidential Information shall be treated as confidential during the pendency of this action and shall be used by the parties solely for the purposes of this litigation. Control and distribution of Confidential Information shall be the responsibility of the attorneys of record.

5. The documents produced by Plaintiff or a non-party and stamped Confidential shall be available only to the following individuals and only for the purposes of conducting this litigation:

    a. The parties and their officers, directors, board members, employees, independent contractors and agents;

    b. Counsel of record and their office personnel; and

    c. Experts and consultants retained by the parties for the preparation and trial of this case.

6. Confidential Information produced by the Plaintiff shall not be available to the Plaintiff's competitors or their representatives, including milk producers, processors, and distributors, unless and until agreed to by the Plaintiff or ordered by the Court. The parties do not waive, and expressly reserve, their right to seek further Order of the Court, preserving any objections to such disclosure.

7. Each person to whom disclosure of Confidential Information is permitted shall be advised of this Protective Order and shall be informed (a) not to use any document or information for any purpose other than in connection with the prosecution of this action and (b) not to reveal such document or information to any unauthorized person.

8. This Protective Order does not preauthorize the filing under seal of Confidential Information. If a party believes they have cause to file a redacted version of a document constituting or containing Confidential information, the party may seek leave to redact under L.R. 26.4(b)(2). Notwithstanding the provisions of L.R. 26.4(b)(1), if a party believes they have cause to file Confidential Information under seal, it may file a motion for leave to file under seal, as provided for in L.R. 5.1.

9. All parties understand that documents relied upon by the Court in

resolving any issue before the Court, including documents now or hereafter filed under seal, will be made public contemporaneously with the Court's ruling on the issue. None of the terms or conditions of this agreement shall apply to any information or documentation which hereafter becomes subject to public disclosure by order of Court or agreement of the parties.

10. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action of any ruling made by the Court concerning the issue of the status of Confidential Information.

11. In producing or disclosing information, Plaintiff may invoke this Protective Order's protection by following the procedures:

    a. The copy of a document, when produced, shall bear the clear and legible designation "Confidential" on each page as to which the designating party seeks the protection of this Protective Order. If a document contains some "Confidential" information and some non-confidential information, Plaintiff must identify information designated as confidential. Defendants may file non-confidential information if Confidential Information is redacted from the document and if leave to redact is given under L.R. 26.4(b)(2).

    b. Specific responses to answers to interrogatories or requests

for admission containing Confidential Information shall be clearly marked "Confidential."

   c. Either party may seek to invoke treatment of depositions as Confidential by: (1) declaring the same on the record at the deposition and, thereafter, by designating the specific portions of testimony as "Confidential" within thirty (30) days of the receipt of the transcript of the deposition in which the designations are made; or (2) designating specific portions of testimony as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. Absent Court order stating otherwise, all deposition transcripts shall be treated as "Confidential" for the thirty (30) day period following receipt of the transcript.

   d. If information deemed "Confidential" is inadvertently produced without the designation "Confidential," Plaintiff may timely assert the confidentiality of the information upon learning of the inadvertent disclosure and by providing written notice of such to all parties and by producing the information or documents with the "Confidential" designation. Upon receiving written notice from Plaintiff, all inadvertently produced privileged material will either be returned or destroyed, as instructed by the written notice or as otherwise ordered by the Court.

12. If Defendants disagree with the propriety of a "Confidential" designation as to any document, communication or information, Defendants shall give the designating party or entity written notice of the disagreement. Plaintiff shall have twenty (20) days to seek an Order from the Court for the protection of the information as Confidential. Plaintiff shall bear the burden of establishing the confidential nature of the material. Any information designated as "Confidential" shall remain subject to the terms of this Protective Order unless and until otherwise provided by order of the Court.

13. If Defendants are requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process or by applicable laws, rules or regulations) to disclose any information designated "Confidential," in any proceeding except the subject litigation, Defendants shall provide Plaintiff with prompt written notice of the request or requirement within fourteen (14) days of receipt to permit Plaintiff to seek a protective order or other appropriate remedy or to waive compliance with the provisions of this Protective Order. If, in the absence of a protective order or other remedy within fourteen (14) days of receipt of notice, or the receipt of a waiver by the other parties, Defendants are, upon advice of counsel, nonetheless legally compelled to disclose "Confidential"

6

information, they may, without risk of liability hereunder, disclose that portion of the "Confidential" information that counsel advises must be disclosed if timely written notice of the request or requirement has been made within fourteen (14) days of receipt.

14. This Order is without prejudice to any party applying to the Court for a further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information. This Order may be enforced by either party and any violation may result in the imposition of sanction by the Court.

DATED this 5th day of April, 2018.

_____
SAM E. HADDON
United States District Judge